IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CORRECTIONS CORPORATION OF AMERICA (CCA), a Tennessee Corporation; JOHN FERGUSON, CEO, CCA; PHILLIP VALDEZ, Warden, IDAHO CORRECTIONAL CENTER (ICC); DAN PRADO, Assistant Warden, ICC; KATHY RADFORD, Mail Room Supervisor, ICC; MELODEE ARMFIELD, Property Officer, ICC; sued in their individual and official capacities; and their successors in office,<br><br>　　　　Defendants. | Case No. CV 09-555-S-BLW<br><br>**INITIAL REVIEW ORDER** |

On January 11, 2010, the Clerk of Court conditionally filed Plaintiff's Complaint on receipt of Plaintiff's filing fee, paid in full. Plaintiff's Complaint is subject to review by the Court to determine whether it or any of its claims are subject to summary dismissal under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## BACKGROUND

At the time the Complaint was filed, Plaintiff was incarcerated in the Idaho Correctional Center (ICC) in Boise, Idaho. *Complaint* (Docket No. 1) at 2. Plaintiff brings this action under 42 U.S.C. § 1983 alleging that Defendants have violated his civil

rights and statutory law by interfering with delivery of his mail.

## STANDARD OF LAW

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff brings claims under the civil rights statute. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## DISCUSSION

The Court has determined that Plaintiff has stated a colorable claim upon which he may proceed, subject to the exhaustion requirement and any other defenses that may be applicable. This Order does not guarantee that Plaintiff's claim will ultimately be successful, it merely finds that at least one claim will not be summarily dismissed at this stage. Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims. It is Plaintiff's burden to thoroughly set forth the legal and factual basis for each claim. The Court also finds there are claims that

are not supported by sufficient factual allegations and will be dismissed. The Court's analysis follows.

1. **First Amendment Claims**

As a prison inmate, Plaintiff retains the First Amendment right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). "[H]owever, [] these rights must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Id., citing Turner v. Safley*, 482 U.S. 78, 84 (1987). A prison regulation affecting outgoing or incoming mail need not satisfy a "least restrictive means" test, but must be "'generally necessary' to a legitimate governmental interest." *Abbott*, 490 U.S. at 414.

Plaintiff here alleges that Defendants Radford and Armfield interfered with delivery of his mail in August of 2007. According to Plaintiff, Defendant Radford gave Plaintiff's legal mail to Defendant Armfield after it was delivered by the U.S. Postal Service, and did not deliver it to Plaintiff until nine days later. This allegation shows only isolated interference with mail service, and does not rise to the level of violation of a constitutional right. Although Plaintiff argues that Defendants have violated 18 U.S.C. § 1702, regarding obstruction of correspondence by mail, the Ninth Circuit has held that the statutory right to be free from interference with mail under 18 U.S.C. § 1702 does not apply in the prison context. *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999).

Plaintiff also contends that Defendants violated his First Amendment rights by failing to forward his mail while he was at another facility – the Shoshone County Jail –

**INITIAL REVIEW ORDER - 3**

for a period of 39 days, awaiting a post conviction hearing. Plaintiff states that three items of legal mail were held at ICC during that time, for 40, 32, and 18 days, respectively. The Court finds that these delays in his receipt of mail, while Plaintiff was at Shoshone County Jail, again demonstrate only isolated interference, and not a violation of constitutional rights.

Plaintiff further argues that Defendant Radford violated his First Amendment rights by opening his legal mail. The detention, inspection, and censoring of mail by prison officials in order to uncover contraband has been held to further a legitimate penological interest. *Mann v. Adams*, 846 F.2d 589, 591 (9th Cir.), *cert. denied,* 488 U.S. 898 (1988). With respect to legal mail, a prison's authority to inspect is narrowed. Still, the courts have upheld a prison policy that provides for prison staff to open mail from attorneys in the presence of the inmate. *Mann v. Adams*, 846 F.2d 589, 590-91 (9th Cir.)(citations omitted). Also, a complaint alleging inadvertent opening of legal mail outside of an inmate's presence does not state a constitutional claim. *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989).

Here, Plaintiff contends, "Defendant Radford has made a practice of [o]pening Plaintiff's [l]egal mail that is clearly marked as [l]egal [m]ail and has been doing so for the last 5 years." (Docket No. 1 at 7.) The Court finds that Plaintiff has stated sufficient allegations to support a colorable claim against Defendant Radford regarding the opening of his legal mail; he will be allowed to proceed on this claim.

2. **Private Entity Defendant**

**INITIAL REVIEW ORDER - 4**

Plaintiff has named Corrections Corporation of America (CCA) as a Defendant in this matter. In order to proceed against CCA as an entity under his First Amendment claim and § 1983, Plaintiff must state facts meeting the test articulated in *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978).[1] Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Monell*, 436 U.S. at 691. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citations omitted). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff has failed to allege facts to support involvement by CCA beyond vague and conclusory allegations.

---

[1] *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (cataloguing circuit court cases applying *Monell* to private entities).

**INITIAL REVIEW ORDER - 5**

The Court will therefore dismiss claims against CCA at this time.

### 3. Other Improper Defendants

The United States Supreme Court has determined that the Eleventh Amendment prohibits litigants from bringing suits for monetary damages against states, state agencies, and state officials acting in their official capacity. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684 (1993). Suits against state actors "acting in their official capacities" are actually suits against the state, and are barred by the Eleventh Amendment.[2] Therefore, when a plaintiff is seeking damages against a state official, the Court construes the complaint as an individual capacity suit because an official capacity suit for damages would be barred. *See Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 973 n.16 (9th Cir. 1994).

Individual capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3009, 3105 (1985). There are two theories under which a state official may be held liable for actions or omissions in his or her individual capacity: (1) personal involvement in the act or omission which caused the injury; or (2) sufficient causal connection between the official's act or omission and the injury. There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

---

[2]The Eleventh Amendment does not bar suits for prospective injunctive relief filed against state officials. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908). Here, Plaintiff's request for injunctive relief pertains only to his claim that mail was not delivered in a timely manner. The Court has already determined, above, that Plaintiff has failed to state sufficient allegations to support this claim for injunctive relief.

If the state official did not have personal involvement in the alleged constitutional deprivation, then plaintiff must show that the official "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991). A supervisor may also be held liable for the constitutional violations of subordinates if the supervisor "directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff has not alleged any facts demonstrating that the named Defendants, other than Radford and Armfield, personally participated in any act or omission that caused injury to Plaintiff. Further, Plaintiff has not indicated that Defendant Armfield participated in opening his legal mail; Plaintiff's claim regarding his legal mail was limited to allegations against Defendant Radford. Plaintiff has also failed to show that Defendants Ferguson, Valdez, or Prado implemented any policy, or knew of violations and failed to act to prevent injury to Plaintiff, so as to be causally connected to injury allegedly suffered by Plaintiff. Accordingly, claims against Defendants Ferguson, Valdez, and Prado are dismissed at this time.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has stated a colorable claim for relief under 42 U.S.C. § 1983 against Defendant Radford regarding the opening of his legal mail in violation of his First Amendment rights. This does not guarantee that this claim will be successful; the Court merely finds that this claim will not be dismissed at

this initial screening stage.  All remaining claims against Radford, and Plaintiff's claims against all other Defendants will be dismissed, without prejudice, under the authority of 28 U.S.C. § 1915A(b)(1).

## ORDER

**IT IS HEREBY ORDERED THAT:**

1. The following claims and defendants are dismissed from this action for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1): interference with incoming mail, and failure to forward mail, in violation of Plaintiff's First Amendment rights, by Defendants CCA, Ferguson, Valdez, Prado, Radford, and Armfield; interference with legal mail by all Defendants other than Radford.

2. An Amended Complaint, if any, shall be filed by no later than August 30, 2010.

3. Because Plaintiff is not proceeding in forma pauperis, he is responsible for completing service of process on the remaining Defendant, Radford.  Plaintiffs shall complete service within 120 days of the date of this Order.  All claims against any Defendant who is not served by that deadline will be dismissed.

4. Plaintiff is responsible for keeping the Court and Defendant(s) informed of any change in address.  Failure to do so may result in dismissal of this action without further notice.



DATED: **July 20, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER - 9**